# COMMON PLEAS COURT

No. 136

In Re, ESTATE of F. E. MYERS, deceased

Ashland Common Pleas

No. 18253. Decided Nov. 19, 1925

635. INHERITANCE TAX—1. Gifts transferred by donor, in contemplation of death, or intended to take effect in possession or enjoyment at or after death is subject to a tax.

2. "In contemplation of death" means the expectation of death which actuates the mind of the person on the execution of his will.

GRAVEN, J.

This case came into the Ashland Common Pleas on Appeal from the Probate Court overruling exceptions to the determination of the inheritance tax in the estate of F. E. Myers, deceased. The Probate Court included in the taxation, $5,281,140.25 which was claimed by the exceptors, not subject to the tax and were gifts made to the exceptors in the following amounts and on the following dates:—Dec 22, 1921, $1,238,188.96; Jan. 12, 1923, $600,000; May 14, 1923, $420,000; and on Aug. 24, 1923, $3,022,951.29.

It was also claimed that the finding of the auditor as appraiser, and the Probate court, that such gifts or transfers to the exceptors were made by decedent in contemplation of death; or were intended by him to take effect in possession or enjoyment at or after such death, are contrary to the evidence and the facts; and that the order of the Probate Court to J. C. Myers, administrator, to pay the tax, was without warrant of law. The city of Ashland and the Tax Commission asserted that the testimony and evidence taken before the county auditor and Probate Court were insufficient to sustain the claims of the exceptors. The Court of Common Pleas held:

1. The paramount question to be determined is whether the exceptors have shown, under the law and the evidence, that said gifts were not made in contemplation of death.

2. It is provided in 5332 GC. that a tax be levied on property when succession is by gift in contemplation of death of grantor or intended to take effect in possession or enjoyment at or after such death.

3. In contemplation of death means that expectation of death which actuates the mind of the person on the execution of his will. 5331 GC.

4. The presumption is that said gifts are deemed to have been transferred in contemplation of death unless otherwise proven to the contrary; and imposes the burden of proof upon the exceptors to overcome it.

5. It is a coincidence that the decedent made certain gifts within a period of two years of his decease, and that the laws of the state provide that if such gifts be made within two years of the donor's decease shall, unless shown to the contrary, be deemed to have been made in contemplation of death and therefore subject to the taxes.

6. The decedent returned from Florida about March 24, 1923, and was taken under treatment for an ailment which proved incurable, and the decedent and his family, except his wife, were informed of the diagnosis by the physicians in attendance.

7. Henceforth, it seems clear that the gifts made on Dec. 22, 1921, and Jan. 12, 1923, were not made in contemplation of death; but rather in contemplation of living and seeing his donees use and enjoy the benefactions.

8. Therefore, any presumptions that have existed relative to said gifts having been made in contemplation of death by reason of their having been made within a period of two years prior to donor's decease, has been overcome by evidence to the contrary; and these two gifts prior to March 1923, should not be included in the assets of decedent, subject to the inheritance tax; and the exceptions of exceptors as to these two gifts are sustained.

9. But after March 24, 1923, the deceased being a very sick man, would as a natural sequence be prompted to contemplate the inevitable, and prompted him to put his worldly affairs in order.

10. Any other theory would be highly improbable; and the only conclusion that can be arrived at is that the gifts of May 14, 1923 and of Aug. 24, 1923, made after the commencement of treatments for decedent's ailments, could reasonably be deemed to have been made in contemplation of death.

11. The exceptor's exceptions as to the last two gifts, transferred in May and August, are overruled.

12. The exception as to the value placed upon certain Cleveland real estate, is governed by statutory enactment rather than by custom and usage, and this exception is therefore overruled.

13. The determination of specific figures as to taxes sustained and those relieved from, must be left to the taxing authorities or the administrator, to be derived in accordance with this finding.

Attorneys—M. V. Semple, Ashland and T. G. Thompson, Cleveland, for Exceptors; M. O'Toole and Judge Gibbs, Columbus, for State; C. S. Huffman, Ashland, for City.